# Commonwealth ex rel., Appellant, v. MacLean.

*Mandamus—Revocation of license to moving picture theatre—Moot case—Act of May 20, 1913, P. L. 229.*

1. Where a county treasurer has refused to revoke a license of a moving picture theatre, and thereafter the court in mandamus proceedings is asked to compel him to do so, the court will refuse to act if it appears that the license sought to be revoked had expired before the mandamus proceedings were reached for argument. Such a case is moot.

2. As the Act of May 20, 1913, P. L. 229, provides for a license for one year without any provision for renewal, it cannot be argued that the license, in effect at the time of the argument of the case, was but a renewal of the former one.

Argued January 11, 1927. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

Appeal, No. 73, Jan. T., 1927, by plaintiff, from order of C. P. Erie Co., May T., 1926, No. 80, refusing mandamus in case of Commonwealth ex rel. M. Levant Davis, District Attorney of Erie County, v. Allen H. MacLean, Treasurer of Erie County. Affirmed.

Petition for mandamus.   Before ROSSITER, P. J., and HIRT, J.

The opinion of the Supreme Court states the facts.

Mandamus refused.   Plaintiff appealed.

*Error assigned* was, inter alia, order, quoting it.

*Charles P. Hewes,* for appellant.

*W. P. Gifford,* of *Gunnison, Fish, Gifford & Chapin,* and *Harold F. Mook,* for appellee.

PER CURIAM, January 31, 1927:

The following excerpt from the opinion of the court below sufficiently disposes of this case: "On February 15, 1926, a writ of alternative mandamus was awarded on petition of the district attorney, at the relation of a number of individuals.   The prayer of the petition is that the court command the county treasurer to grant a hearing upon an application to revoke licenses issued by him to a number of moving picture theatres alleged to have violated the provisions of the Act of April 22, 1794, 3 Sm. L. 177.   Since the writ was awarded the county treasurer has held a hearing and refused to revoke the licenses in question; the court is now asked to revoke the licenses on the ground that, in the refusal of the county treasurer, he abused his discretion.   The licenses sought to be revoked expired of their own limitation on May 1, 1926, and the case was not argued until about one month later.   A discussion of the question whether mandamus is the proper remedy on the facts alleged [is out of place]......for the reason that the [application before us is in a] moot case......   Section 7 of the Act of May 20, 1913, P. L. 229, provides, 'The license or licenses provided for under the provisions of this act shall be granted by the city or county treasurer for one year, from the first day of May of each year.'   There is no provision in the act for a renewal of a license, and the

suggestion of relator that the license in effect at the time of the argument of this case was but a renewal of the former one, is without merit."

The judgment is affirmed.